UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNICO SERVICES INC.,

        Plaintiff,

   v.

THE UNITED STATES OF AMERICA,

        Defendant.

No. 2:07-CV-1009-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

On May 29, 2007, Unico Services, Inc. filed the instant tax refund suit for federal employment taxes, penalties and interest. On November 16, 2007, the United States filed a Counterclaim for unpaid federal employment taxes and statutory additions for other time periods as well as to reduce to judgement corporate income tax liabilities.

On December 12, 2006, Dean Gordon Potter filed a voluntary Chapter 11 petition with the United States Bankruptcy Court, Northern District of California.

///

1

At all relevant times, Potter was allegedly Unico's President, majority shareholder, and key employee. Per the Motion to Transfer, immediately before he implemented an Offshore Employment Leasing arrangement, ("OEL") Potter owned, directly or indirectly, 100 percent of Unico's stock.  The Motion to Transfer also alleges Potter is currently the sole shareholder of Unico.

On April 9, 2007, Potter filed an Adversary Complaint in a bankruptcy case against the United States seeking a refund of income taxes with respect to Potter's 1998 income tax year.  On or about June 28, 2007, Potter filed in his bankruptcy case an Objection to Claim of the Internal Revenue Service.  Collectively the Objection to Claim and the Adversary Complaint will be referred to as the "Potter Federal Tax Disputes."

On September 7, 2007, the United States filed with the Bankruptcy Court a Motion to Withdraw Reference and to Transfer Venue of the Potter Federal Tax Disputes to this Court.  The Motion ultimately sought to have the Potter Federal Tax Disputes tried in conjunction with the refund case pending before this Court.  The United States' Motion was referred to the District Court.  The District Court entered an order granting the United States' Motion to Withdraw the reference to the Potter Federal Tax Disputes but denying, without prejudice, the transfer of the Potter Federal Tax Disputes to this Court based on deference to the debtor's choice of forum.

The United States now seeks to transfer venue of this case to the Northern District of California.

///

///

1  Plaintiff has filed a Notice of Non-opposition to this Motion.[1]
2  Further, the Northern District Court recommended the United
3  States seek to have this case transferred.
4     In a civil action brought by a corporation against the United
5  States, venue is proper in the judicial district in which the
6  corporation's principal place of business is located.  28 U.S.C.
7  § 1402(a)(2).  Unico's principal place of business is in Benicia,
8  California, which is in the Eastern District.  Section 1402(a)(2)
9  also provides that "a district court, for the convenience of the
10 parties and witnesses, in the interest of justice, may transfer
11 any such action to any other district or division."
12    The Court finds that the interest of justice will be better
13 served if this case and the Potter Federal Tax Disputes are
14 resolved in one forum.  The Court finds this will eliminate the
15 danger of inconsistent rulings and serve the interests of judicial
16 economy.  In view of Unico's Notice of Non-opposition to this
17 Motion to Transfer, the Motion to Transfer is hereby GRANTED.
18    IT IS SO ORDERED.

Dated: January 30, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).